UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOHN DREIZLER,

                Petitioner,                **REPORT AND RECOMMENDATION**

     -against-

                                05 Civ. 2353 (SCR) (GAY)

UNITED STATES OF AMERICA,

                Respondent.
--------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

       On or about February 22, 2005, petitioner John Dreizler filed a writ of habeas

corpus pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his

sentence of 189 months' imprisonment and three years' supervised release.

Petitioner's conviction stemmed from the armed robbery of the Premier National Bank in

Dover Plains, New York, on August 10, 2000.  On or about March 21, 2005, petitioner

filed an Amended Petition.  Petitioner's grounds for habeas relief centered around

numerous claims of ineffective assistance of trial counsel, including a claim that defense

counsel was inadequate because he failed to present exculpatory evidence at

trial–specifically petitioner's alibi defense.  By Memorandum and Order dated June 1,

2005, the Court denied all of petitioner's claims contained in both the original and

amended petition on their merits.   Petitioner timely appealed the denial of his habeas

petition to the Second Circuit; on June 5, 2008 the Court of Appeals dismissed

petitioner's appeal.  On or about November 17, 2008, petitioner filed a motion to vacate

the Court's dismissal of his § 2255 petition pursuant to Rule 60(b) of the Federal Rules

of Civil Procedure ("FRCP").  On or about July 31, 2009. Your Honor referred the motion

to the undersigned for a Report and Recommendation.  For the reasons that follow, I

respectfully recommend that petitioner's Rule 60(b) motion should be denied.

Under FRCP 60(b), a district court may relieve a party from final judgment for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud
> (whether heretofore denominated intrinsic or extrinsic), misrepresentation,
> or other misconduct of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged, or a prior judgment
> upon which it is based has been reversed or otherwise vacated, or it is no
> longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  A Rule 60(b) motion may be used to attack "the integrity of the

previous habeas proceeding" but not to attack "the underlying criminal conviction."  See

Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).  If the Rule 60(b) motion "relates

to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in

actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and

Effective Death Penalty Act of 1996 [(the "AEDPA")].  See Harris v. United States, 357

F. Supp.2d 524, 527 (N.D.N.Y. 2005).  Thus, a Rule 60(b) motion that attacks the

petitioner's underlying conviction may be either (a) treated as a second or successive

habeas petition, in which case it must be transferred to the Court of Appeals for possible

certification, or (b) denied as beyond the scope of Rule 60(b).  See Harris, 367 F.3d at

82.

In his Rule 60(b) motion, Dreizler argues that the Court erred in denying his

habeas petition because he is "actually innocent."  Dreizler claims that he had an "alibi"

2

but "due to pressure form [sic] an outside source, [he] . . . was basically forced to go to trial and forced not to present any evidence of his true alibi based on threats to his family."  Dreizler also contends that "[b]ecause his attorney did no underlying investigation which could have shown it was impossible for him to have done this crime, he was convicted."  Thus, petitioner basically reiterates an argument previously made in his § 2255 petition.  Despite petitioner's protestations to the contrary, the present motion is clearly an improper collateral challenge to his underlying conviction and not a complaint regarding the integrity of the federal habeas corpus proceeding.  See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (if the Rule 60(b) motion attacks the federal court's prior resolution of a claim on the merits, the Rule 60(b) motion is deemed a second or successive petition).  Accordingly, I conclude, and respectfully recommend, that the instant motion is outside the scope of FRCP 60(b) and should be denied in its entirety.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(C), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

3

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated:   April _____, 2010          Respectfully Submitted:
         White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.

4