MAILED TO ~~COUNSEL~~

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE F!`

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JOHN DREIZLER,                      :
                                    :     05 Civ. 2353 (LAP)
                   Petitioner,      :
                                    :     ORDER
          - v. -                    :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                   Respondent.      :
------------------------------------x

LORETTA A. PRESKA, Chief United States District Judge:

     Petitioner John Dreizler ("Petitioner") moves, pursuant to
Rule 60(b) of the Federal Rules of Civil Procedure, to vacate
the Court's denial of his petition for a writ of habeas corpus.
In both his habeas corpus petition and his subsequent Rule 60(b)
motion, Petitioner has asserted that he possesses newly
discovered evidence that presents proof of his actual innocence.
By Report and Recommendation ("Report") dated April 12, 2010,
Magistrate Judge Yanthis recommended that the petition be deemed
beyond the scope of Rule 60(b) and that it be denied.
Thereafter, Petitioner timely filed written objections to the
Report pursuant to Rule 72(b)(2) of the Federal Rules of Civil
Procedure.

     The Court reviews de novo those parts of the Report to
which Petitioner objects.  Fed. R. Civ. P. 72(b)(3).  Petitioner
raises two related objections to the Report:  (1) the Report
erred because Petitioner inadvertently classified his motion as

a Rule 60(b)(6) motion when instead it should have been a Rule 60(b)(2) motion; and (2) the Report erred because it did not consider newly discovered evidence that Petitioner contends demonstrates his actual innocence.  The Court finds both objections to be without merit.

Relief under Rule 60(b) with respect to a previous habeas proceeding is available "only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction."  Harris v. United States, 367 F.3d 74, 76 (2d Cir. 2004).  Consequently, when faced with an improper Rule 60(b) motion that attacks an underlying conviction, district courts may either (1) transfer the motion to the Court of Appeals for possible certification as a second or successive motion under 28 U.S.C. § 2255, or (2) simply deny the motion as being beyond the scope of Rule 60(b).  Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002).

Petitioner's 60(b) motion is plainly an attack on his previous conviction because it is asserts that he was unable to present his alibi defense at trial.  Moreover, neither of Petitioner's objections does anything to change the analysis of whether his Rule 60(b) motion represents an improper collateral challenge of his underlying conviction.  First, it is immaterial whether his motion is treated as a Rule 60(b)(6) motion as he originally filed it, or as a Rule 60(b)(2) motion as he now

contends it to be.  No motion filed pursuant to Rule 60(b) may be used to attack an underlying criminal conviction.  Harris, 367 F.3d at 76.  Second, just as in his original Rule 60(b) motion, Petitioner continues to posit that he has discovered exonerating evidence that will demonstrate an alibi and thereby prove his actual innocence.  This is essentially the same argument he made in his § 2255 petition, and the evidence Petitioner points to in order to advance that argument is identical to that which he has previously presented.  In short, Petitioner's argument impermissibly challenges his underlying criminal conviction.  Petitioner does not once challenge the integrity of the habeas proceeding in his objections to the Report, and therefore the objections do not alter the analysis of whether his motion is beyond the scope of Rule 60(b).

Having considered petitioner's objections, the Court concludes that the Report is well grounded in law and thorough. Petitioner's present motion is beyond the scope of Rule 60(b).

For the foregoing reasons, the Court adopts the Report in its entirety.  Petitioner's motion [dkt. no. 9] is DENIED. SO ORDERED.

April 4 , 2011
New York, New York

_____
LORETTA A.  PRESKA
Chief U.S. District Judge

3